IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cr-0284 |
| ) | |
| WILLIAM EARL HUNT, ) | |
| a/k/a Pee Wee, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS EVIDENCE AND BRIEF IN SUPPORT

COMES NOW Defendant William Earl Hunt, by and through the undersigned Attorney, and moves this Honorable Court to suppress evidence obtained in an illegal search of the defendant's residence.

As grounds in support thereof, the following is stated:

1. The defendant is charged with Possession of a Firearm in violation of Title 18 of the United States Code, § 922(g)(1).

2. The United States, by and through the United States Attorney, will attempt to introduce into evidence at trial certain items found on the defendant's property. These items were located during an illegal search of the defendant's property because police officers did not have probable cause to search, nor did they obtain a search warrant to enter said property.

3. Since the police officers did not have probable cause to obtain a search warrant, the warrant was defective and any evidence seized as a result of that warrant must be suppressed.

## BRIEF IN SUPPORT

On July 17, 2007, at approximately 5:00 a.m., police officers went to the apparent residence of the defendant, William Earl Hunt, with an arrest warrant for drug charges in Elmore County. The officers knocked on the door of Mr. Hunt's residence and Mr. Hunt personally answered the door. The officers informed Mr. Hunt they had a warrant for his arrest. Rather than arresting him on the spot, the officers asked if they could search the property. Mr. Hunt refused the search and asked the officers if they had a search warrant. The officers responded they did not have a warrant to search, but that they knew Mr. Hunt shot a police officer in Florida, a false allegation. Despite the lack of consent, the officers searched Mr. Hunt's property, obtaining, among other things, the firearm Mr. Hunt is charged with possessing.

Mr. Hunt had no knowledge of the aforementioned firearm, which was located in the laundry room of the residence where Mr. Hunt was staying. The police officers took pictures of the weapon on top of the washing machine located in the laundry room. There are absolutely no pictures of the weapon in the bedroom where Mr. Hunt slept, and no evidence the weapon ever entered that bedroom. Nor is there evidence Mr. Hunt possessed knowledge of the firearm. Other individuals regularly accessed and used the property and laundry room where the firearm was located and photographed.

Officers went to Mr. Hunt's residence to arrest him on drug charges, not to look for evidence of drug crimes or any other criminal activity. Except for a few specific and well-delineated exceptions, all warrantless searches are per se unreasonable. Mincey v. Arizona, 437 U.S. 385, 390, 98 SCt. 2408, 2412, 57 L.Ed.2d 290 (1978). None of the exceptions to a

search warrant apply in this case as neither the firearm, nor any illegal drugs, were in plain view of the officers when Mr. Hunt opened the door, no weapons were on Mr. Hunt's person when he answered the door, nor was the firearm in question located within the reach of Mr. Hunt. Mr. Hunt did not give his consent to search, and was not under arrest when the officers entered his residence to search. The officers were not in hot pursuit of Mr. Hunt, did not stop and frisk Mr. Hunt, and no exigent circumstances existed.

A warrantless search is not justified, even in circumstances traditionally thought to be exigent, such as the imminent danger that evidence will be destroyed, when the State's interest is only to arrest for a minor offense. Welsh v. Wisconsin, 466 U.S. 740, 753; 104 S.Ct. 2091, 2099; 80 L.Ed.2d 732 (1984). Exigency is not created simply because there is probable cause to believe a serious crime has been committed. Id; Mincey v. Arizona, 437 U.S. 385. Even if the police had probable cause to believe a serious crime occurred, the distribution of a controlled substance is not a "grave offense" and the mere presence of narcotics, without more, is not enough to create an exigent circumstance that would permit entry into a private residence without a search warrant. State v. Bennett, 295 N.W.2d 5, 7 (S.D. 1980); People v. Lee, 83 A.D.2d 311, 444, N.Y.S.2d 100, 102-103 (1981).

The police went to the defendant's residence with a warrant for his arrest for an alleged drug offense. The mere knowledge that narcotics might be present in the home is not enough for officers to search without a warrant. Further, the police had the time and opportunity to obtain a warrant to search the residence when they obtained the arrest warrant. Since they did not secure a search warrant, had no probable cause to search the residence without a warrant, and no exceptions to the search warrant requirement exist, and

3

any all evidence seized in the illegal search should be suppressed.

WHEREFORE, above premises considered, the defendant, William Earl Hunt, moves this Honorable Court to hold a hearing upon the matters alleged therein, and to issue an Order suppressing the fruits of the illegal search of the property.

Respectfully submitted this 26th day of June, 2008.

s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Defendant
**KEITH & DUBIN, P.C.**
22 Scott Street
Montgomery, AL  36104-4012
Telephone: (334) 264-6776
Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Susan Redmond, AUSA
Post Office Box 197
Montgomery, AL 36101-0197

s/ Richard K. Keith
**OF COUNSEL**