IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:07-CR-284-WKW |
| | ) | |
| WILLIAM EARL HUNT | ) | |

RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's Motion to Suppress, and offers the following:

**Facts**

1. On or about July 17, 2007, law enforcement officers with the Central Alabama Drug Task Force and Elmore County Sheriff's Department went to 41 North St., Wetumpka, AL, to execute a felony drug arrest warrant on William Earl Hunt (HUNT), after first attempting to execute the warrant at another location.

2. Officers entered the residence at approximately 6:00 am and located HUNT lying on a bed. Officers also located Antonio Hunt, purportedly HUNT's brother. Upon entering the bedroom in which HUNT was located, officers saw, in plain view, drug paraphernalia and what appeared to be marijuana. Upon encountering HUNT asleep on the bed, officers conducted a safety sweep of the area immediately surrounding HUNT and observed what, to the officers training and experience, appeared to be a rifle, covered with a bed sheet, standing in a corner of the bedroom between the wall and dresser, at the foot of the bed. Officers removed the sheet, identified the firearm as an SKS assault rifle, and secured the firearm. Both HUNTs were placed under arrest.

    3.    On June 26, 2008, the defendant filed a Motion to Suppress. The defendant argues that the officers illegally searched his residence because: (1) they did not first obtain a warrant to search; (2) that no exception(s) existed to warrant the search of the residence without first having obtained a search warrant; and, (3) that he expressly did not give officers consent to search the residence.

**Legal Analysis**

STANDING

    4.    The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." A party alleging an unconstitutional search under the Fourth Amendment must establish both a subjective and an objectively reasonable expectation of privacy in order to succeed. Katz v. United States, 389 U.S. 347 (1967). The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the "privacy expectation be one that society is prepared to recognize as reasonable." Katz, supra; United States v. Robinson, 62 F.3d 1325 (11th Cir. 1995). The defendant bears the burden of proving a legitimate expectation of privacy in the areas searched. United States v. Cooper, 133 F.3d 1394 (11th Cir. 1998).

    5.    The fact that the defendant has a possessory interest in the things seized is not enough, in and of itself, to establish standing. United States v. Chavez, 169 F.3d 687 (11th Cir. 1999).

    6.    Where a defendant in a motion to suppress fails to allege facts that, if proved, would establish the defendant's standing to contest a search, the district court is not required to hold an evidentiary hearing. United States v. Cooper, 203 F.3d 1279 (11th Cir. 2000).

WARRANTLESS SEARCH

7.   The police are not engaged in a "search" when they simply enter upon private property to knock on a citizen's door for legitimate purposes unconnected with a search of the premises. Coolidge v. New Hampshire, 403 U.S. 443, 466 (1971); United States v. Taylor, 458 F.3d 1201, 1204 (11th Cir. 2006).

8.   When a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392 (1914); Agnello v. United States, 269 U.S. 20, 30 (1925). This right extends to things under an accused's immediate control, Carroll v. United States, 267 U.S. 206, 158 (1960), and, depending on the circumstances, to the place where he is arrested. Agnello v. United States, supra, 269 U.S. at 30. Indeed, when an arrest is made, courts have held that it is reasonable for the arresting officer to search the person specifically to remove any weapons that the suspect might use in order to resist arrest or effect his escape. Chimel v. California, 395 U.S. 752 (1969); United States v. Rosenthal, 793 F.2d 1214 (11th Cir. 1986). In such a situation, all that must be established is that the person was arrested, no further justification or showing of probable cause showing is necessary. United States v. Robinson, 414 U.S. 218 (1973).

9.   An officer may seize evidence that is in plain view without having first obtained a warrant to search. Two elements must exist in order to rely upon the Plain View doctrine: (1) lawful access to the object seized, and (2) the incriminating nature of the object seized is immediately apparent. Horton v. California, 496 U.S. 128 (1990; United States v. Smith, 459 F.3d 1276, 1291-93 (11th Cir.2006).

**Argument**

10.     The government argues that the defendant has at no time established standing to attack the search as he states in his motion that the residence was, "the apparent residence" of HUNT. The government may well concede, however, that if HUNT establishes that he was either the legitimate possessor/owner of the residence or was an invited guest, he may establish standing pursuant to Minnesota v. Olson, 495 U.S. 91 (1990).

11.     In the present case, the government takes the position that, as no search of 41 North St., Wetumpka, Alabama occurred on July 17, 2007, no search warrant or consent was needed or necessary.

12.     When officers entered the residence and encountered HUNT asleep in his bed, they noted, in plain sight, the alleged drugs, drug paraphernalia, and firearm. Because all of the items were in plain sight, and because the officers had the legal right to secure the defendant and search his person and his immediate area for firearms, no search of the premises occurred and, therefore, no violation of the defendant's rights occurred when officers removed the sheet covering the SKS assault rifle and secured it.

13.     Further, the government would argue that if a search did indeed occur, because the evidence of criminal activity was in plain sight, no search warrant was needed to seize the drugs, drug paraphernalia and firearm. Even assuming that by a strict reading of the law, the firearm under the sheet would not be considered "in plain sight", the fact that officers had a valid arrest warrant, and/or saw evidence of another crime taking place before them, would have allowed them to arrest the defendant and if the defendant was arrested, a search of his person and his immediate area would still have been permissible and the firearm would still have been uncovered and seized.

14. Finally, the government would argue that the officers' knowledge of HUNT as aconvicted felon, coupled with their training and experience, would have resulted in the same fact pattern. Because it was known to officers that HUNT was a convicted felon, because the officers were attempting to serve a valid arrest warrant upon HUNT, because the officers have training and experience which allowed them to conclude that the long, slender object covered by a sheet was a long gun of some sort, and because the SKS assault rifle was easily within arm's reach of HUNT as he lay on his bed, officers would still have uncovered the weapon and secured it against HUNT's possible use of the weapon against them.

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's Motion to Suppress.

Respectfully submitted this the 2nd day of July, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Susan R. Redmond
        SUSAN R. REDMOND
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        334.223.7280
        334.223.7135 fax
        susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:07-CR-284-WKW |
| | ) | |
| WILLIAM EARL HUNT | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard Keith.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov